**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

**August 14, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

JACOB WAYNE BRAUNING,

    Plaintiff - Appellant,

v.

JOHN GILBERT CHRISTIAN, individual
and Sheriff of Pontotoc County;
CHARLES STEVEN KESSINGER,
individual and District Judge of Pontotoc
County; LORI LYNN JACKSON,
individual and Associate District Judge;
GREGORY D. POLLARD, individual and
Special District Judge; SONYA RENEA
CHRONISTER, individual and former
Assistant District Attorney; KAREN LYN
DUNNIGAN, individual and Court Clerk,
Pontotoc County; ALVIN D. FILES,
individual and Officer of the Court;
ARNOLD GORDON SCOTT, individual
and Undersheriff of Pontotoc County;
MICHAEL LEE WALKER, individual and
Deputy Sheriff; TODD O'NEIL YOUNG,
individual and Deputy Sheriff; DEREK
RAY STEWART, individual and Deputy
Sheriff; ANTHONY LOUIE, individual
and Sheriff; MATTHEW ROBERT
HALEY, individual and Deputy Sheriff;
STEVE PATRICK WILLIAMS, individual
and Deputy Sheriff; GARY LEON
BROOKS, individual and Deputy Sheriff;
CANDICE MICHELLE IRBY, individual
and Assistant District Attorney; WILLIAM
RICHARD HAYDEN, individual and OHP
Trooper; CARY MICHAEL JACKSON,
individual and CFO at Oklahoma Heritage
Bank; CHANCE DAVID BRANSCUM,
individual and Credit Officer at Oklahoma

No. 23-7063
(D.C. No. 6:21-CV-00199-RAW)
(E.D. Okla.)

Heritage Bank; OKLAHOMA HERITAGE BANK, an Oklahoma corporation; JAMES ROBERT HAMBY, individual and CEO of Vision Bank, NA; BRANDON LEE TILLEY, individual and Loan Organizer at Vision Bank, NA; ANDREW DUANE GIBSON, individual and Loan Organizer at Vision Bank, NA; VISION BANK, N.A.; BRANDON WAYNE SMITH, individual and registered agent of Next Up Towing & Recovery, LLC,

   Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **ROSSMAN**, Circuit Judges.
_____

Plaintiff, Jacob Wayne Brauning, filed a federal lawsuit against government officials and private entities and individuals for alleged constitutional, federal, and state law violations. The district court dismissed Mr. Brauning's lawsuit under Rule 41(b) of the Federal Rules of Civil Procedure after Mr. Brauning failed to respond to (1) the defendants' motions to dismiss and (2) the district court's order to show cause why his lawsuit should not be dismissed. Mr. Brauning filed this appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  Background

Mr. Brauning received a loan in January 2018 which eventually resulted in foreclosure proceedings and related collection efforts.  In July 2021, he filed a pro se lawsuit alleging seventeen claims against twenty-five defendants involved in foreclosure or collection, including law enforcement officials and judges.[1]

Eleven groups of defendants filed motions to dismiss beginning in September 2021.  Mr. Brauning requested—and received—an extension of time to respond to the first batch of motions.  Three more defendants filed motions to dismiss on November 18 and 19, 2021, to which Mr. Brauning's responses were due on December 2 and 3, 2021.

Those deadlines passed, however, without Mr. Brauning having filed any responses—although he sent the district court four letters in December 2021 apprising the court of his whereabouts and alleging various retaliatory acts by the defendants in response to his lawsuit.

In August 2022, the district court ordered Mr. Brauning to show cause by September 6, 2022, as to why the pending motions to dismiss should not be granted. The district court warned Mr. Brauning that his failure to do so would result in the case being dismissed or the motions to dismiss deemed confessed.  Again, the deadline passed with no response from Mr. Brauning.

---

[1] We liberally construe Mr. Brauning's pro se filings, but we do not act as his advocate.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

On September 16, 2022, the district court entered an order concluding that dismissal with prejudice was warranted, given Mr. Brauning's failure to respond to the motions to dismiss and the district court's show cause order. The clerk then entered judgment against Mr. Brauning a few weeks later.

On October 21, 2022, Mr. Brauning filed a pleading captioned "Omnibus Motion." R. at 342. The district court construed it as a motion for reconsideration under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and denied it in an order entered August 8, 2023. Mr. Brauning noticed this appeal on August 30, 2023.

## II.  Discussion

Mr. Brauning seeks to challenge the district court's dismissal of his lawsuit.[2] But he filed his notice of appeal more than 11 months after the district court's dismissal order. Generally, a notice of appeal must be filed 30 days after entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A). The timing of the notice of appeal raises a threshold issue: do we have appellate jurisdiction to review the dismissal order? *See Bowles v. Russell*, 551 U.S. 205, 210 (2007) (recognizing that "the courts of appeals routinely and uniformly dismiss untimely appeals for lack of jurisdiction"). We conclude we have jurisdiction.

Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure provides that if a party files a Rule 59(e) or Rule 60(b) motion, "the time to file an appeal runs for all

---

[2] He does not appear to challenge the district court's denial of his motion for reconsideration.

4

parties from the entry of the order disposing of the last such remaining motion." We agree with the district court that, liberally construed, Mr. Brauning's "Omnibus Motion" was a motion for reconsideration under Rule 59(e) or 60(b), which tolled the notice of appeal deadline under Rule 4(a)(4)(A). Because Mr. Brauning filed his notice of appeal within 30 days of the district court's denial of his motion for reconsideration, it was timely with respect to the underlying dismissal order, and we therefore have jurisdiction to review it.

Mr. Brauning correctly identifies the applicable standard of review, arguing the district court's dismissal of his lawsuit was an abuse of discretion. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). We discern no abuse of discretion here, however.

Rule 41(b) of the Federal Rules of Civil Procedure provides "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Though the text of the Rule requires a defendant move to dismiss, "the Rule has long been interpreted to permit courts as here to dismiss actions sua sponte for a plaintiff's failure to comply with the rules of civil procedure or the court's orders." *Nasious*, 492 F.3d at 1161 n.2 (brackets, ellipsis, and internal quotation marks omitted). A district court should ordinarily consider the following non-exhaustive list of factors in determining whether to dismiss an action under Rule 41(b):

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the

5

action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (ellipsis, citations, and internal quotation marks omitted).  Mr. Brauning argues the dismissal of his lawsuit violated his due process rights, but dismissal could be an appropriate sanction "when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits."  *Id.*

Here, the district court's dismissal order correctly identified the *Ehrenhaus* factors and applied them to the circumstances of Mr. Brauning's case.  The district court observed that under *Ehrenhaus*, delay and mounting attorney fees constitutes prejudice to the defendants, and failing to comply with a show cause order constitutes interference with the judicial process.  *See Ehrenhaus*, 965 F.2d at 921.  Mr. Brauning was culpable, the district court reasoned, because he failed to respond to the motions to dismiss and did not respond to the district court's show cause order.[3]  Importantly, the district court explicitly warned Mr. Brauning in its show cause order that failure to respond could result in dismissal.  Finally, the district court concluded that lesser sanctions would be ineffective because Mr. Brauning had failed to comply entirely with the court's orders.  The district court did not err in application of the *Ehrenhaus* factors, and under the circumstances of this case, acted

---

[3] Mr. Brauning makes the conclusory assertion that the defendants impeded his ability to prosecute the case, but he does not elaborate, so we consider the argument waived.  *See United States v. De Vaughn*, 694 F.3d 1141, 1154–55 (10th Cir. 2012) ("It is well-settled that arguments inadequately briefed in the opening brief are waived." (internal quotation marks omitted)).

within its discretion to dismiss Mr. Brauning's lawsuit as a sanction for his failure to prosecute.

### III.  Conclusion

We affirm the dismissal of Mr. Brauning's lawsuit, and we deny his motion for appointment of counsel.  We grant his motion for leave to proceed in forma pauperis.

Entered for the Court


Veronica S. Rossman
Circuit Judge